IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-57,118-07






EX PARTE JOHN MICHAEL DAISY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 7-85-105 IN THE 7TH DISTRICT COURT


FROM SMITH COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty years' imprisonment. He did not appeal his conviction. 

 Applicant contends, among other things, that his plea was involuntary because counsel did
not suppress the fruits of an illegal stop. Applicant has alleged facts that, if true, might entitle him
to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96
(Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court has made findings of fact and conclusions of law recommending that this
application be dismissed under Section 4 of Article 11.07. Applicant's prior writ application relating
to this conviction was concerned exclusively with the actions of the Board of Pardons and Paroles
in revoking applicant's parole or supervision. Ex parte Daisy, WR-57,118-05 (Tex. Crim. App.
2004) (not designated for publication). The procedural bar of Section 4 is limited to instances in
which the initial application raised claims regarding the validity of the prosecution or the judgment.
Ex parte Evans, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998). Because Applicant's first writ
application in this cause did not raise claims regarding the validity of the prosecution or the
judgment, Section 4 does not bar him from attacking his conviction now. 

 The trial court shall obtain a response from counsel. The trial court shall make findings of
fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. 
Specifically, the trial court shall make findings as to whether counsel investigated the legality of the
stop and whether counsel filed a motion to suppress. If the trial court finds that applicant did not file
a motion to suppress, the court shall determine whether the failure was error that constituted
ineffective assistance. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 10, 2010

Do not publish